■ The People of the State of New York, Respondent, v Miguel Dellos Santos, Appellant. [38 NYS3d 888]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 10, 2014, convicting defendant, after a jury trial, of murder in the second degree, kidnapping in the first degree, and unlawful imprisonment in the first degree (two counts), and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

Defendant's legal sufficiency claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations.

Defendant did not preserve his claim that the verdict was repugnant in convicting him of second-degree murder and first-degree kidnapping, but acquitting him of criminal sale of a controlled substance in the first degree or conspiracy to commit that offense (*see People v Muhammad*, 17 NY3d 532, 541 n 5 [2011]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits, since the jury could have acquitted defendant of the drug and conspiracy counts for failure to prove beyond a reasonable doubt any of the elements of those offenses which were not also elements of the murder and kidnapping counts, as charged to the jury (*see id.* at 539-540). There is no merit to defendant's suggestion that repugnancy should be assessed based on the evidence in the particular case, or the evidentiary theory advanced by the People at trial (*see People v Bharath*, 134 AD3d 483 [1st Dept 2015], *lv denied* 26 NY3d 1143 [2016]).

Defendant failed to preserve his contention that the trial judge improperly responded to a jury note by reading back less than two pages of one witness's testimony on direct examination, instead of assigning that task to nonjudicial court personnel, and we decline to review it in the interest of justice. As an alternative holding, we find that the trial judge should not have participated in the readback, since that practice is generally disfavored (*see People v Alcide*, 21 NY3d 687, 695 [2013]), but that this error was harmless in light of the overwhelming evidence of defendant's guilt and the brevity of the readback (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's challenges to the admission of hearsay testimony and the People's opening statement and summation are unpreserved, and we decline to review them in the interest of justice. Were we to review them, we would find them unavailing. Moreover, any error in these matters was harmless in light of the overwhelming evidence of guilt (*see id.*). Concur—Renwick, J.P., Richter, Manzanet-Daniels, Feinman and Kapnick, JJ.